Kingsbury T. Frey and Helen A. Frey v. Commissioner.
Frey v. Commissioner
Docket No. 1424-70 SC.
United States Tax Court
T.C. Memo 1971-208; 1971 Tax Ct. Memo LEXIS 123; 30 T.C.M. (CCH) 861; T.C.M. (RIA) 71208; August 23, 1971, filed Thomas J. Carley, 159 Princeton Rd., Rockville Centre, N. Y., for the petitioners. Kimball K. Ross, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: The respondent originally determined a deficiency in the petitioners' income tax for the calendar year 1967 in the amount of $387.27. It arose as a result of the respondent's disallowance of travel expenses claimed by the petitioner in the amount of $2,069.02. At the time of trial, the respondent conceded that the travel expense should be allowed the petitioner and that there was no tax deficiency *124 for the year 1967. Petitioners claimed that they had made an overpayment of $450.28, being the entire amount of tax shown to be due on their return for 1967, and that they were entitled to a refund of this amount. In issue is whether or not the petitioners are entitled to the refund of $450.28 because, as a result of his actions in the case, the respondent waived whatever rights he had 862 under section 63 [1] of the Internal Revenue Code of 1954 to determine the petitioners' taxable income. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, Kingsbury T. Frey (hereinafter called petitioner) and Helen A. Frey, are husband and wife. They resided in West Hempstead, New York, at the time the petition was filed in this case. They filed a joint Federal income tax return for the year 1967 with the District Director of Internal Revenue at Brooklyn, New York. On December 19, 1969, the respondent issued a statutory notice to the petitioners in which he disallowed automobile travel expenses of $2,069.02. He determined that it had not been *125 established that "any amount in excess of $40.40 constitutes an ordinary and necessary business expense or was expended for the purpose designated". On March 10, 1970, the petitioner filed his petition with the Court alleging he was a carpenter by trade and that he was so employed in 1967. He asserted he should be allowed the automobile expense claimed on his tax return because it represented an ordinary and necessary employee business expense for vehicular transportation of trade tools. Upon receiving the statutory notice of deficiency, the petitioners' attorney had several meetings with members of the Internal Revenue Service. On June 17, 1968, he informed the Service that if there was any disallowance of the petitioner's claimed travel expense the petitioner would argue that the Commissioner of Internal Revenue had "waived section 63 of the Internal Revenue Code of 1954 thereby". Petitioners' counsel on learning that the travel expense had ben disallowed, demanded that the petitioners' claim for refund of $450.28 be recorded in the Commissioner's file. In a letter dated July 14, 1969, to the Assistant Chief of the Appellate Branch Office in New York, New York, *126 petitioners' counsel traced subsequent dealings with members of the Internal Revenue Service and alleged that the petitioner was entitled to the claimed travel expense. He stated that "The first holding in Sullivan [Crowther]v. C.I.R., 269 F. 2d 292 (CA/2) governs and Mr. Frey is entitled to 100% of his proven employee business expenses * * *." (Incorrect citation.) He further stated that: Since Internal Revenue Service has indicated it will not follow the Internal Revenue Code of 1954 and the decisions of the Honorable Judges of the United States Courts of Appeal for the Second and Seventh Circuits, it will be necessary for us to pursue our remedies and enforce our claim for refund vigorously. On September 30, 1969, the petitioners' counsel sent a letter to the Appellate Conferee in the Appellate Division at New York, New York stating: We have proved every element of our case and you have presented no facts or evidence even after this fifteen-month period available to you for intensive investigation. You have contented yourself by merely withholding the benefits of §162(a) of the Internal Revenue Code of 1954 from taxpayers. The Commissioner's *127 actions and failure to act are claimed to be and constitute a waiver and/or forfeiture of the Commissioner's former rights under §63 of the Internal Revenue Code of 1954 in this case. Taxpayers emphatically claim and demand refund of $450.28 (plus interest from April 15, 1968). On January 4, 1971, the petitioners' case was called for trial. At that time the respondent conceded the deficiency it had asserted in the statutory notice. The petitioner argued that not only was there no deficiency due the respondent, but that the petitioner should have a refund of $450.28. He does not claim additional deductions by him in 1967 should be recovered because of the Commissioner's actions. Opinion The gist of the petitioner's position is that the respondent cannot use section 63 and that therefore, as a matter of law, taxable income for the year 1967 cannot be ascribed to the petitioner, so that the tax paid for that year is refundable to him. Section 63(a) reads as follows: SEC. 63. TAXABLE INCOME DETINED. (a) General Rule. - Except as provided in subsection (b), for purposes of this subtitle the term "taxable income" means 863 gross income, minus the deductions *128 allowed by this chapter, other than the standard deduction allowed by part IV (sec. 141 and following). The petitioner bases his argument on the assertion that "The Commissioner was wrong and knowingly wrong in issuing said statutory notice"; that in doing so the Commissioner "disregarded the statutory formula set out in section 63 of the Internal Revenue Code of 1954"; that since that formula was disregarded it "is not now available to respondent who discarded and disregarded the statutory formula by his knowingly wrongful act"; and that as a matter of law, without the application of section 63 "there cannot be any 'taxable income' in this case and the petitioners are entitled to a refund of $450.28." In his brief, the petitioner cites no cases to support his basic position. He does not trace or even mention the legislative history of section 63. We think the petitioner's position is without merit. In effect, he is arguing that since there were Circuit Court decisions outstanding which had reversed the Tax Court respecting the issue involved in this case, the Commissioner should have refrained from issuing a statutory notice. Petitioner asserts that since *129 these cases were extant, the Commissioner was wrong in issuing the statutory notices and "knowingly wrong" at the time the notices were issued. Even assuming the petitioner was correct factually, the Court can find no holding supporting the view that the Commissioner "waived" the right to use section 63 or that the section is "not available" to the Commissioner. Section 63 is part of Subchapter (B) of Chapter 1 of Subtitle A of the Internal Revenue Code. It relates to income taxes and as part of Subchapter (B) has to do with the computation of taxable income. It defines taxable income as gross income minus the allowable deductions. It is not a section which the Commissioner may or may not use in his discretion as the petitioner seems to indicate. Rather, it is part of the formula that has been set up in the law by the Congress for arriving at a taxpayer's liability. It cannot be waived by the Commissioner or discarded by him for any reason. It must be used in the computation of a taxpayer's liability in every instance. We think that in essence the petitioner is arguing that the Commissioner's policies or his motives in making this particular determination are improper and therefore *130 he should be estopped or precluded from collecting any taxes from the petitioner. We cannot agree. Cleveland Home Brewing Co., 1 B.T.A. 87 (1924); Charles Crowther, 28 T.C. 1293, 1301 (1957), affirmed on this issue 269 F. 2d 292 (C.A. 9, 1959). In view of the above, we hold there is no deficiency or overpayment. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered accordingly. Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩